UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **HENRY L. WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:03-CV-348** |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Henry L. Williams alleges that he developed carpal tunnel syndrome from performing his duties as an employee of CSX Transportation, Inc., and that CSX is therefore liable under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*. (*See* Compl.)  On February 2, 2005, he filed a motion to compel seeking information about other carpal tunnel syndrome claims brought against CSX.  (Docket # 38.)  After conducting a hearing on the matter, the Court granted his motion on February 11, 2005, and ordered CSX "to produce documents which (1) disclose the gross number of carpal tunnel syndrome claims and lawsuits filed by conductor/brakemen, switchmen, and trainmen against CSX or its predecessors in the last ten years; and (2) for each lawsuit in (1), disclose the names of the parties, court, and case number."  (Docket # 47.)

Now before the Court is CSX's motion for partial relief from the February 11 order. (Docket # 54.)  CSX has complied with the order in all respects but one: it has not provided the case numbers of the carpal tunnel syndrome lawsuits filed against it.  CSX does not have a central record of the case numbers; instead, "that information is kept by outside counsel for CSX."  (*Id.* ¶ 4.)  Therefore (the argument goes), producing the case numbers would be

"exceedingly burdensome," as CSX would have to "contact all of its outside counsel for the past ten years." (*Id.*)  Moreover, CSX contends that since it has already produced the names of the plaintiffs in the lawsuits at issue, Williams "can simply contact the courts [to get the case numbers] as easily as could CSX." (*Id.*)

As Williams's original discovery requests were for the production of documents, the relevant standard is Federal Rule of Civil Procedure 34.  Rule 34 provides that a responding party must produce all responsive documents in its "possession, custody or control."  Fed. R. Civ. P. 34(a).  Documents are in the "possession, custody or control" of the responding party if "the party has *actual* possession, custody, or control, or has the legal right to obtain the documents on demand," *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995), and thus a party may be required to produce documents turned over to an agent, *e.g.*, *Henderson v. Zurn Indus.*, 131 F.R.D. 560, 567 (S.D. Ind. 1990).  In particular, a party is generally required to produce documents it has turned over to its attorney.  *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992); *Henderson*, 131 F.R.D. at 567; 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2210 (2nd ed. 1994); *see Hickman v. Taylor*, 329 U.S. 495, 504 (1947) (holding that party "cannot refuse to answer interrogatories on the ground the information sought is solely within the knowledge of his attorney").

CSX disputes none of this, but nonetheless insists that it is unreasonably burdensome to have to retrieve this information from its attorneys.  *See Gray*, 148 F.R.D. at 223 (holding that party must produce "that information *reasonably* available to [it] from [its] . . . agents" (emphasis added)).  The Court is not persuaded.  CSX does not reveal how many different outside counsel it has used, nor whether it still employs those counsel; thus, there is no evidence

that production is made impractical by CSX's sheer number of, or dormant relationships with, its outside counsel.  Instead, CSX simply makes a conclusory allegation of excessive burden and offers no evidence or explanation to support it.

Moreover, even if the case numbers are for some reason scattered across a multitude of law offices, that does not justify shifting the burden of discovering them to Williams.  "The fact that an unwieldy record keeping system would require heavy expenditures of time and effort to produce requested documents . . . is not a sufficient reason to prevent disclosure of otherwise discoverable material."  *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991).  And contrary to CSX's suggestion, it should be much less burdensome for it to retrieve this information from its attorneys than for Williams to retrieve it from the courts where the litigation took place, particularly since CSX has apparently not given Williams full names or dates for all of the lawsuits in question.  (*See* Pl.'s Resp. at 4-5.)

For these reasons, CSX's motion for partial relief (Docket # 54) is DENIED.  CSX is ORDERED to produce the missing case numbers by June 10, 2005.  Williams is reminded that, pursuant to the February 11, 2005, Order, this information "must not be disclosed to any third party or used for any purpose outside of this lawsuit."  (Docket # 47.)  As oral argument is

unnecessary, the motion hearing scheduled for May 18, 2005, is VACATED.

Enter for this 12th day of May, 2005.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge